**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

JONATHAN R. GILBERT,

                  Plaintiff,

    v.

EXACTUS, INC., JOHN DOES 1-10
Unknown Defendants,

                  Defendants.

Case No. _____

**NOTICE OF REMOVAL**

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

Exactus, Inc. ("Exactus") by and through its undersigned counsel, with full reservation of any and

all defenses, objections, and exceptions, hereby removes the above-referenced matter from the

Supreme Court of the State of New York, Nassau County Index No. 612928/2019, to this Court,

the United States District Court for the Eastern District of New York (the "EDNY").  As set forth

below, this Court has original subject matter jurisdiction over this matter because the parties are

completely diverse from one another and the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a).  Pursuant to 28 U.S.C. § 1446(d), copies

of this Notice of Removal will be served upon Counsel for Plaintiff, and filed with the Clerk of

the Supreme Court of the State of New York, Nassau County.

    In support of removal, Exactus states as follows:

## BACKGROUND

    1.    On or about September 18, 2019, Plaintiff Jonathan R. Gilbert ("Plaintiff"),

commenced a civil action against Exactus and other unnamed and unknown defendants by filing

a Summons and purported Verified Complaint[1] ("Complaint" or "Compl.") in Supreme Court, Nassau County, where the matter was assigned Index. No. 612928/2019 (the "State Court Action") (*See* NYSCEF Doc. No. 1).  A true and correct copy of the filed Summons and Complaint is attached hereto as **Exhibit A**.

2.      On September 25, 2019, Plaintiff effected service of the Complaint upon Exactus via personal service upon Emiliano Aloi, President of Exactus. (*See* NYSCEF Doc. No. 22.)  A true and correct copy of the filed affidavit of service is attached hereto as **Exhibit B**.

3.      As Plaintiff personally served the Summons and Complaint on September 25, 2019, and Exactus files this Notice of Removal on October 14, 2019, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446 because it is being filed within thirty (30) days of service.

4.      As set forth more fully below, this case is properly removed to the EDNY pursuant to 28 U.S.C. § 1441 because the Court has subject matter jurisdiction under 28 U.S.C. § 1332 and because Exactus has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446.

## BASES FOR REMOVAL

**I.      THE COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE, AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Exactus, and the amount demanded by Plaintiff in his Complaint greatly exceeds $75,000.  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[1] Plaintiff refers to the Complaint as a "Verified" Complaint, but the filing in Nassau County Supreme Court and the copy served on Exactus do not attach a signed and/or notarized verification page.

## A. **The Parties Are Completely Diverse.**

6.      According to the Complaint, Plaintiff is an individual residing at 36 Sycamore Lane, Roslyn Heights, New York 11577. *See* Compl. ¶ 2.  Therefore, for purposes of 28 U.S.C. § 1332(a), Plaintiff is domiciled in, and is a citizen of, the State of New York.

7.      As Plaintiff himself concedes, Exactus is incorporated in the State of Nevada, *see* Compl. ¶ 3, and its principal place of business is in the State of Florida. *See id.*  Accordingly, Exactus is a citizen of Nevada and Florida. *See* 28 U.S.C. § 1332(c)(1).

8.      When determining whether a civil action is removable based on diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded. *See* 28 § U.S.C. 1441(b)(1).

9.      In accordance with 28 U.S.C. § 1332(a), complete diversity of citizenship exists because Plaintiff is not a citizen of any of the states of which Exactus is a citizen.  Furthermore, this action is removable because Exactus is not a citizen of New York, the state in which this action was commenced. *See* 28 USC § 1441(b).

## B. **The Amount-In-Controversy Requirement Is Satisfied.**

10.      Given the plain language of Plaintiff's Complaint, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.   In different areas within the Complaint, Plaintiff alleges he is entitled to $1.3 million or $1.44 million. *See* Compl. ¶¶ 41, 48, 50 (at pages 10-12) (alleging Plaintiff is entitled to an amount no less than "$1.44 million"); WHEREFORE ¶ (a) (at page 16) (demanding judgment against defendants for monetary relief . . . "in an amount of no less than $1.3 million).

11.      Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied in this case.

3

## II.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL, AND REMOVAL TO THIS COURT IS PROPER

12.   In addition to satisfying the requirements of diversity jurisdiction, Exactus has satisfied all other requirements for removal, and no previous application has been made for the relief requested herein.

13.   First, pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely because it is being filed within thirty (30) days of service. *See supra* at ¶ 3.

14.   Second, Exactus' Notice of Removal is properly directed to this Court because the EDNY embraces the Supreme Court of the State of New York, Nassau County, where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441(a), 1446(a).

15.   Third, as required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed in the State Court Action, including Plaintiff's Summons and purported Verified Complaint, are annexed hereto. *See* Exhibits A and B hereto, discussed *supra* ¶¶ 1-2. A true and correct copy of the state court case docket sheet is attached hereto as **Exhibit C**.

16.   Finally, in accordance with 28 U.S.C. § 1446(d), Exactus will promptly file a written notice of this removal with the clerk of the Supreme Court of the State of New York, Nassau County, where Plaintiff's action is pending.  Copies of this Notice of Removal and the written notice of same will also promptly be served on Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## RESERVATION OF ALL RIGHTS AND DEFENSES

17.   Exactus has not yet responded to the Complaint.  By filing this Notice of Removal, Exactus expressly reserves and does not waive any defenses that may be available to it, and reserves all such defenses, including, but not limited to, defenses based upon personal jurisdiction, venue, and *forum non conveniens*.  In addition, Exactus does not concede that Plaintiff states any

claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any kind or nature.

18.     Pursuant to Rule 81 of the Federal Rules of Civil Procedure, once this notice of removal is filed, Exacus has seven (7) days to respond to the Complaint.  Exactus must file its responsive pleading on or before October 21, 2019.

19.     Exactus reserves the right to amend or supplement this Notice of Removal as necessary.

## CONCLUSION

20.     Removal of this case is just and proper.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount of controversy, exclusive of interest and costs, exceeds the sum of $75,000. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Exactus respectfully removes this action to the EDNY from the Supreme Court of the State of New York, Nassau County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any questions arise to the propriety of this removal, Exactus respectfully requests an

[TEXT CONTINUES NEXT PAGE]

opportunity to brief the matter as well as an opportunity for oral argument.


Dated: New York, New York
      October 14, 2019                **GREENBERG TRAURIG, LLP**


James W. Perkins (JP6684)
Sylvia E. Simson (SS8195)
200 Park Avenue
New York, New York 10166
(212) 801-9200 (*telephone*)
PerkinsJ@gtlaw.com
SimsonS@gtlaw.com

*Attorneys for Defendant Exactus, Inc.*