# <u>EXHIBIT A</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JONATHAN R. GILBERT,                                            Index No.

                                    Plaintiff,

        -against-

EXACTUS, INC., JOHN DOES 1-10 Unknown
Defendants,

                                                        **SUMMONS**

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO:     Exactus, Inc.
        80 N.E. 4th Ave., Suite 28
        Delray Beach, Florida 33483

        You are hereby summoned and required to serve upon the attorney's for plaintiff

Jonathan R. Gilbert, an answer to the complaint in this action within twenty days after the

service of this summons, exclusive of the day of service, or within thirty days after service

is complete if this summons is not personally delivered to you within the State of New

York. In case of your failure to answer the complaint, judgment will be taken against you

by default for the relief demanded in the complaint.

Dated: New York, New York
       September 18, 2019

                                    Paykin Krieg & Adams, LLP
                                    Attorneys for Plaintiff

                            By: _____
                                    David A. Schrader, Esq.
                                    10 Grand Central
                                    155 East 44th Street, 6th Floor
                                    New York, New York 10017
                                    Tel: (347) 879-2345

David Schrader
Paykin Krieg & Adams LLP
10 Grand Central
155 East 44th St., 6th Fl.
New York, New York 10018
(347) 879-2345
Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JONATHAN R. GILBERT,                                    Index No.

                                    Plaintiff,

        -against-

EXACTUS, INC., JOHN DOES 1 – 10 Unknown
Defendants,                                             **VERIFIED**
                                                        **COMPLAINT**

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Jonathan Gilbert, acting by and through his counsel, Paykin Krieg &

Adams, LLP, alleges as and for his Verified Complaint against defendant Exactus, Inc.

and unknown individual John Does defendants 1-10, as follows:

                            **NATURE OF THE DISPUTE**

        1.      Plaintiff Jonathan Gilbert ("Gilbert") was the Executive Chairman of

defendant  Exactus, Inc. ("Exactus") and was characterized by the company as both a

member of the Board of Directors and as a corporate executive.  As his exclusive

compensation for this employment, Gilbert received 1 million stock options from the

Exactus.  Notwithstanding that the options fully vested, and that Gilbert properly

exercised his options, Exactus has failed and refused to provide the stock to Gilbert.  This

action is brought for monetary relief or alternatively for specific performance.

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 4 of 55 PageID #: 10

## **THE PARTIES**

2.      Plaintiff Gilbert is an individual residing at 36 Sycamore Lane, Roslyn Heights, New York 11577.  Gilbert was Executive Chairman of defendant  Exactus, Inc. ("Exactus" or the "Company") and acted as both a member of the Board of Directors and as a corporate executive.  Gilbert's employment was in New York State.

3.      Defendant Exactus, Inc. is a Nevada corporation with its principal place of business located at 80 N.E. 4th Ave., Suite 28, Delray Beach, Florida 33483. Exactus is in the business of developing and marketing hemp-derived phyto-cannabinoid products into mainstream consumer markets.  Exactus is a public corporation listed on the OTC:QB exchange, ticker symbol EXDI.

4.      Defendants John Doe 1-10 are individuals who intentionally and tortuously interfered with plaintiff's legal rights.  John Doe defendants will be identified after discovery is taken.

## **STATEMENT OF FACTS**

**A.      Gilbert's Stock Option Agreement**

**5.**      Gilbert was hired as the Executive Chairman of Exactus on or about February 10, 2019.  Among other things, Gilbert was hired because of his prior experience as CEO of Scythian Biosciences Corp which was involved in researching the medical efficacy of certain Cannabinoid products.  A copy of the press release of Gilbert's employment is annexed hereto as **Exhibit A**.

**6.**      Gilbert did not receive a monetary salary in connection with his employment but was to receive stock options (the "Stock Options") as his sole

2

compensation from Exactus (the "Stock Option Agreement"). A copy of the cover letter to Gilbert along with his Stock Option Agreement with the Company are annexed hereto as **Exhibit B.** The Stock Options granted to Gilbert were disclosed by the Company in its public filings with the Securities and Exchange Commission (the "SEC").

7.     Pursuant to the Stock Option Agreement, Gilbert received options for 1,000,000 shares of Exactus common stock at an exercise price of $0.01/share. The options were issued post stock split and were subject to certain vesting conditions that had been set by the Company. The stock to be received under the Stock Option Agreement would be freely tradable unrestricted Exactus common stock shares.

8.     On or about May 15, 2019, Gilbert attempted to exercise 750,000 options which had already vested. A copy of the exercise paperwork from Gilbert along with payment of $7,500 was sent to the Company. The Company initially started processing the exercise but subsequently requested that Gilbert not exercise his options at that time due to what the Company perceived would be a negative effect on the Company's stock price and efforts to raise additional capital. Gilbert withdrew his exercise request.

9.     Gilbert worked for the Company from approximately February 10, 2019 until July 1, 2019, when Gilbert resigned from the Company (after being advised to resign by the CEO Phil Young ("Young")). Shortly before the time of Gilbert's resignation, Young informed Gilbert that financial backers of the Company wanted Gilbert to agree to reduce the number of his Stock Options because they thought his deal was "too rich." Young further advised Gilbert that if he resigned, Young would not oppose any effort by Gilbert to exercise his options.

3

INDEX NO. 612928/2019
RECEIVED NYSCEF: 09/18/2019

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 6 of 55 PageID #: 12

10.     In connection with discussions about this subject, Young confirmed in writing that he would not oppose the exercise of Gilbert's Stock Options; however, he requested that Gilbert hold off exercising his options for 60 days after his resignation so that a Form 4 securities filing would not need to be filed. A copy of a written WhatsApp conversation between Gilbert and Young is annexed hereto as **Exhibit C**.

11.     In response to this communication with Young, Gilbert requested a formal separation agreement be prepared by the Company or its counsel. No such agreement was ever prepared or agreed to; and Gilbert did not agree to hold off exercising his options but resigned on or about July 1, 2019. A copy of Gilbert's resignation letter is annexed hereto as **Exhibit D**.

12.     The Company put out a public filing Form 8-K regarding Gilbert's resignation on or about July 8, 2019. The Form 8-K specifically stated:

> Effective July 1, 2019, Jonathan R. Gilbert, a director and the Executive Chairman of Exactus, Inc. (the "Company"), tendered his resignation from both positions. Mr. Gilbert's resignation was not based on any disagreement with the Company on any matter relating to its operations, policies or practices.

A copy of the Form 8-K is annexed hereto as **Exhibit E**.

**13.**     On July 15, 2019, Gilbert submitted an exercise form along the required payment for the exercise of 750,000 options. A copy of the Exercise paperwork along with proof of payment of the $7,500 fee is annexed hereto as **Exhibits F1 and F2**.

**14.**     Notwithstanding the submission of the exercise paperwork and payment of the required exercise fee, Exactus refused to provide Gilbert with his 750,000 shares of stock. At the time of this exercise, the high price of the stock on that date was $1.49 per share.

4

15.     On July 16, 2019, the Chief Strategy Officer of Exactus sent Gilbert an email confirming receipt of the exercise paperwork.  A copy of the email is annexed hereto as **Exhibit G**.

16.     On July 18, 2019, Gilbert received an email from Young, the CEO of Exactus, to have his attorney contact the Company's legal counsel, which at the time was Lawrence Rosenbloom at Ellenoff Grossman & Schole, LLP ("Rosenbloom).  A copy of this email is annexed hereto as **Exhibit H**.

17.     In response to this email, Gilbert wrote back to Young asking what issue was there for his attorney to address.  A copy of this email is annexed hereto as **Exhibit I**.

18.     Gilbert's attorney also contacted Rosenbloom to inquire what was going on with the processing of the Options Exercise.  These contacts were both telephonic and by email.  A copy of an email from David A. Schrader ("Schrader") to Rosenbloom dated July 22, 2019 is annexed hereto as **Exhibit J**.  Rosenbloom was unable to provide any information on the status of the exercise at that time and advised that he was awaiting instructions from his client.  Schrader's email included a reminder to "the Company of its obligation to timely process [Gilbert's] request."

19.     From July 22, 2019 through July 24, 2019, Schrader sent additional requests for an update and none was provided.

20.     On July 24, 2019, with no prior communication, Exactus returned Gilbert's $7,500 which had been paid in connection with the exercise of his options.  No explanation was provided by the Company as to why it was not honoring the exercise of Gilbert's Stock Options.

5

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 8 of 55 PageID #: 14

21.     On July 25, 2019, Schrader forwarded another email to Rosenbloom

stating in pertinent part:

> Dear Mr. Rosenbloom:
>
> Jonathan Gilbert has advised me that his wire paying for the exercise of his
> options has been refunded to him.  I can only assume that this is an illegal
> rejection of his option exercise.  I would immediately demand a written
> explanation of the company's position on its refusal to exercise Mr. Gilbert's
> options.
>
> Please note that I have been authorized to immediately commence litigation on
> Mr. Gilbert's behalf and intend to include all appropriate persons in the
> lawsuit.  Mr. Gilbert will hold the company responsible for any financial loss that
> he incurs due to a  reduction of any price of the stock.  We look forward to
> hearing the company's explanation for this refusal to exercise.

A copy of this July 25, 2019 email is annexed hereto as **Exhibit K**.

22.     The only response received to Schrader's email was a one sentence email

on July 25, 2019 from Rosenbloom stating: "Message received David.  We will get back

with you as soon as we are able."  A copy of this responsive email is annexed hereto as

**Exhibit L**.

23.     When no response was received by July 29, 2019, Schrader sent a further

email to the Company's legal counsel stating:

> Dear Mr. Rosenbloom:
>
> As a follow-up to my prior emails, Jonathan Gilbert has properly exercised his
> stock options that were paid to him as the sole compensation that he received for
> his employment at Exactus.  The valid issuance of these options was acknowledge
> by the company in its public filings under criminal penalty of SOX.
>
> Notwithstanding, the company has breached is contractual obligation to Mr.
> Gilbert to provide the stock and has "refunded" to Mr. Gilbert the funds that he
> paid in connection with the exercise. We have made repeated requests now for the
> issuance of the stock and for a written explanation of the company's position on

6

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 9 of 55 PageID #: 15

its refusal to exercise Mr. Gilbert's options. Neither the stock nor the explanation have been forthcoming.

Please accept this email as a final effort by Mr. Gilbert to resolve this issue with the Company before taking legal action. In the interim, Mr. Gilbert continues to hold the company responsible for any financial loss that he incurs due to a reduction of the price of the stock. Should we not <u>resolve</u> this situation by Monday, August 5, 2019 at 5 P.M. we will pursue legal options on Mr. Gilbert's behalf, including but not limited to monetary damages for failure to issue Mr. Gilbert's stock; statutory employment claims; and any applicable violations of the securities laws. Please be guided accordingly.

A copy of this July 29, 2019 email is annexed hereto as **Exhibit M**. The only response received to this email was a response which said "Received." A copy of this responsive July 29th email is annexed hereto as **Exhibit N**.

24.     On or about August 5th, Gilbert learned from a board member that new counsel had been retained by Exactus. As such, On August 5, 2019, the deadline set for a response from the Company, Schrader sent a further email to Rosenbloom requesting the name of the company's new counsel. The email stated:

Dear Lawrence:

Today is the deadline for the company to provide Jonathan Gilbert with his stock. I have been authorized to immediately file suit if this matter is not resolved. Notwithstanding, it is my understanding that the company has retained new counsel and that you are no longer representing Exactus in this matter.

As such, I would like to reach out to new counsel prior to filing suit. I would appreciate if you would provide me with the contact information for new counsel – or alternatively, confirm that you are no longer representing the company and I will reach out to management directly.

If I do not hear back from you, I will proceed accordingly.

A copy of this August 5, 2019 email is annexed hereto as **Exhibit O**. In response to this email, Schrader received a one sentence reply stating that he did not know who the new

7

counsel was for the Company.

25.   After confirming that Rosenbloom's firm was no longer representing the Company – and after Rosenbloom stated that he did not know who was retained as new counsel, Schrader sent an email to the CFO and CEO of the company requesting the identity of their new counsel.  A copy of this email is annexed hereto as **Exhibit P**.  No response was received.

26.   Notwithstanding the Company's failure to respond with the identity of their new counsel, Gilbert learned from another source that the Company had retained the law firm of Greenberg Traurig (the "Greenberg Firm") as new general counsel.  It was unclear whether Greenberg was specifically handling the failure of the Company to honor Gilbert's Stock Option exercise.  Thereafter, Schrader called the law firm and identified that Bruce Rosetto ("Rosetto") at Greenberg was representing Exactus.

27.   On August 8, 2019, Schrader emailed Rosetto inquiring as to whether he was representing the Company and reiterating the Company's illegal failure to honor Gilbert's stock option exercise request.   A copy of this email is annexed hereto as **Exhibit Q**.

28.   Rosetto thereafter advised Schrader that he was unfamiliar with this matter.  Rather than contact the Company, Rosetto asked Schrader for various documents.  After several emails back and forth, these documents were provided to Rosetto in short order.  On August 9, 2019, Rosetto advised that he had received the underlying documents from Schrader and would review the matter with the Company and get back to Schrader.

8

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 11 of 55 PageID #: 17

29.     When no further response was received from Rosetto, on August 13, 2019, Schrader sent a further email to Rosetto stating: "Please let me know whether the company intends on responding and when such response will be received." Schrader was thereafter advised that Rosetto had a meeting with the Board of Directors scheduled for later that day and that he would probably be able to respond by the next day.

30.     In several following communications, Rosetto informed Schrader that the Board would not allow "settlement discussions" unless they were conducted directly between Gilbert and a securities attorney named Harvey Kesner ("Kesner") without Gilbert having legal counsel present. After several back and forth communications, Schrader informed Rosetto that this request was rejected. Schrader sent several emails requesting other efforts to resolve "the issue" but the Company refused continuing to insist that it would only engage in communications directly between Kesner and Gilbert—without Gilbert having legal counsel present.

31.     Aside from the obvious impropriety of the Company's demand that Gilbert speak without legal counsel to a securities attorney, it was also clarified that Kesner had no legal authority to bind the Company. The Company also failed and refused to identify any basis for the rejection of the exercise in connection with any proposed "settlement discussion."

32.     Throughout the entirety of the communications with the Company and its counsel, at no time has the Company ever provided any explanation or purported legal basis for its refusal to honor the option exercise.

33.     The Company has no legal basis to refuse to honor the exercise.

9

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 12 of 55 PageID #: 18

34.     Upon information and belief, certain John Doe defendants were working behind the scenes for illegal or personal purposes and were involved in engineering the Company's rejection of Gilbert's exercise rights.

35.     On August 15, 2019, Gilbert learned that the conditions were met for the vesting of the last 250,000 options that had not previously been exercised.

36.     On August 15, 2019, Gilbert sent exercise paperwork to the Company for the exercise of the full 1 million Stock Options along with the required fee of $10,000 which was sent by wire.  The exercise was done in this manner since the Company had previously failed to honor the exercise of the first 750,000 Stock Options and had returned the original $7,500 fee submitted.  A copy of the paperwork relating to this exercise is annexed hereto as **Exhibits R1 and R2.**

37.     As of August 15, 2019, the price of Exactus stock on the market was $1.44 per share making plaintiff's stock rights worth $1.44 million.

38.     On August 16, 2019, the next day, Gilbert received notice that Exactus had rejected his wire.

39.     Again, no explanation was provided to Gilbert of the basis of the illegal rejection of the exercise of the Stock Options.

40.     Upon information and belief, certain John Doe defendants were working behind the scenes for illegal or personal purposes and were involved in engineering the Company's rejection of Gilbert's exercise rights.

41.     As a result of the defendants' failure to honor Gilbert's exercise of his Stock Options, Gilbert has suffered economic losses of no less than the value of the stock

10

on the dates of his exercises for which the defendants are liable, jointly, severally and in the alternative, in an amount no less than $ 1.44 million.

### FIRST CAUSE OF ACTION
#### (Breach of Contract against Exactus-Monetary Damages)

42.     Plaintiff hereby repeats, reiterates and realleges all of the allegations of this complaint previously set forth above as if fully set forth herein at length.

43.     By virtue of the above, defendant Exactus entered into the Stock Option Agreement with Gilbert upon agreed terms and conditions.

44.     Pursuant to the agreement, defendant Exactus promised that plaintiff would have the right to receive Company Stock provided that certain conditions were met.

45.     The right to receive the full one million shares of Exactus stock vested under the Stock Option Agreement.

46.     Gilbert properly exercised the Stock Options and was entitled to receive one million shares of Exactus stock.

47.     Although Gilbert met the requirements under the Stock Option Agreement to receive the one million shares of Exactus stock, the defendant Exactus has refused to honor the Stock Option Agreement and the proper exercise of rights thereunder, and has refused to provide Gilbert with the one million shares of freely tradable unrestricted Exactus common stock shares.

48.     The value of the stock that Gilbert is entitled to is $1.44 million.

49.     Despite repeated demand, defendant Exactus continues to refuse and has failed to issue the stock to Gilbert.

50.     As a result, Exactus has breached the Stock Option Agreement and Gilbert

11

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 14 of 55 PageID #: 20

has been financially injured in an amount no less than $1.44 million.

51.     As a result of Exactus' refusal to issue the stock owing, Gilbert elects in this Cause of Action to receive compensatory damages for defendant's breach.

## SECOND CAUSE OF ACTION
### (Breach of Contract against Exactus-Specific Performance)

52.     Plaintiff hereby repeats, reiterates and realleges all of the allegations of this complaint previously set forth above as if fully set forth herein at length.

53.     Plaintiff specifically incorporates by reference each of the allegations set forth in paragraphs 43 to 50 above.

54.     As a result of Exactus' refusal to issue the stock owing, Gilbert elects in this Cause of Action to receive specific performance for defendant's breach and demands the issuance of one million shares of freely trading Exactus common stock shares.

55.     In addition, to the extent that the value of the shares has diminished, Gilbert additionally seeks monetary damages for any lost value of the shares.

## THIRD CAUSE OF ACTION
### (Quantum Meruit and Unjust Enrichment - Exactus)

56.     Plaintiff hereby repeats, reiterates and realleges all of the allegations of this complaint previously set forth above as if fully set forth herein at length.

57.     Plaintiff provided services to Exactus for which he was never paid or otherwise compensated.

58.     These services were undertaken for the benefit of defendant Exactus, who received the benefit of, or the opportunity to benefit from, these services.

59.     The actual benefit conferred on defendants was in an amount of the value of

the stock due and owing to Gilbert.

60.     As a direct and proximate result the plaintiff has been damaged and the
defendants unjustly enriched to Gilbert's detriment and at Gilbert's expense.

61.     This cause of action is pleaded in the alternative to claims for breach of
contract and only to the extent that the contracts in dispute herein are otherwise unenforceable.

## FOURTH CAUSE OF ACTION
### (Equitable Estoppel-Exactus)

62.     The plaintiff repeats, reiterates and realleges each and every allegation in the
preceding paragraphs as if fully set forth herein.

63.     Exactus made representations of fact that Stock Options had been validly
issued to Gilbert in its public securities filings which filings were made under penalty of
perjury and civil and criminal liability under the securities laws (the "Representations").

64.     These Representations were knowingly made by defendant Exactus with the
expectation that Gilbert, as well as the shareholders and investors of Exactus, could and would
rely upon such statements, and that among other things, Gilbert would rely upon such
Representations and would perform services for Exactus

65.     Gilbert did not know, nor could Gilbert have known, that the Company would
fail to honor such Representations made under penalty of law, and Gilbert relied upon such
Representations in good faith.

66.     Gilbert's good faith reliance on these Representations led Gilbert to undertake
to accept employment at Exactus and to change his position to his detriment.

67.     By reason of the foregoing, Gilbert has been injured and is entitled to damages
as set forth in detail above.

13

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 16 of 55 PageID #: 22

### FIFTH CAUSE OF ACTION
#### (Conversion-Exactus)

68.     The plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

69.     At all times relevant, upon the exercise of his Stock Options, Gilbert became the rightful and lawful owner of one million shares of freely tradable unrestricted Exactus common stock shares.

70.     As such, Gilbert has been, and continues to be, entitled to immediate possession of such shares.

71.     Defendant Exactus, by refusing and failing to provide such shares to Gilbert, illegally and improperly wrongfully converted Gilbert's assets and property.

72.     This diversion was for the personal gain and benefit of Exactus, at Gilbert's expense, and without Gilbert's permission.

73.     In this regard, defendant Exactus has intentionally and unlawfully exercised ownership, dominion and control over Gilber's assets and property, in denial and repudiation of Gilbert's rights thereto.

74.     Moreover, the wrongful exercise of control over (and refusal to provide the Stock to Gilbert) has and will continue to impair Gilbert's ability to sell the stock that he would receive or otherwise result in a decreased value of such stock when it is received from Exactus.

75.     By reason of the foregoing, Gilbert has been financially injured and as a result of these conversions, as well as the subsequent impairment of the value of the stock, Gilbert has sustained severe economic injury.

14

## SIXTH CAUSE OF ACTION
### (Tortious Interference With Contract-John Doe Defendants)

76.     The plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

77.     Gilbert has a protected interest in the contractual rights granted to  him under the Stock Option Agreement.

78.     The John Doe Defendants 1-10, who will be identified after discovery, have undertaken intentional acts to interfere Gilbert's contractual rights under the Stock Option Agreement, including his right to exercise thereunder.

79.     Conduct by the John Doe Defendants includes among other things, which will be identified in greater detail after discovery, manipulating Exactus and its management into refusing to honor Gilbert's rights to receive his stock under the Stock Option Agreement.

80.     These improper actions by the John Doe Defendants are attributable to, and were undertaken, on behalf of the John Doe Defendants for their personal interest.

81.     These acts were made with the intent of interfering with Gilbert's contractual rights and were intended by such defendants to result in injury to Gilbert.

82.     The John Doe Defendants' acts were intentional and malicious.

83.     The John Doe Defendants had no valid justification for such conduct.

84.     As a result of the John Doe Defendants' interference with Gilbert's contractual rights, plaintiffs' reasonable expectancy of income from the Stock Option Agreement and exercise of the rights thereunder was harmed.

WHEREFORE,   Plaintiffs demands judgment against the defendants, jointly, severally and in the alternative, as follows:

15

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 18 of 55 PageID #: 24

 

     (a)     for monetary relief, including compensatory and consequential damages under each Cause of Action in an amount of no less than $1.3 million;

     (b)     for specific performance under the Stock Option Agreement, including the issuance of stock pursuant to plaintiff's exercise of rights thereunder (as well as monetary damages for any diminution of value of such stock) under the Second and Fourth Causes of Action;

     (c)     for punitive damages under the Fifth and Sixth Causes of action in an amount to be determined by the Court;

     (d)     for such other equitable relief as this Court may deem appropriate;

     (f)     for costs of suit, interest and attorneys' fees; and

     (v)     such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 18, 2019

          PAYKIN KRIEG & ADAMS LLP
          Attorneys for Plaintiff Jonathan Gilbert

By: _____
          David A. Schrader, Esq.
          10 Grand Central
          155 East 44th St., 6th Fl.
          New York, New York 10017
          Tel: (347) 879-2345
          dschrader@pka-law.com

16



exac us

🏠     News & Media     Press Releases     Press Releases

News & Media

# Exactus Appoints Seasoned Industry Veteran Jonathan Gilbert As Executive Chairman of the Board

*Former Scythian Biosciences Founder and CEO Assumes Newly Created Position*

**GLEN ALLEN, VA / ACCESSWIRE / February 12, 2019 / Exactus Inc. (OTCQB: EXDI)** a healthcare company pursuing opportunities in Hemp derived, Cannabidiol (CBD) products and point of care diagnostics, is pleased to announce the appointment of Jonathan Gilbert to the newly created position of Executive Chairman. Mr. Gilbert founded one of the first companies to sponsor research into the medical efficacy and benefits of CBD therapies at Scythian Biosciences, Corp. where he held the position of Chief Executive Officer until its transformation to what is now Sol Global Investments (SOL; SOLCF). Mr. Gilbert successfully navigated several successful capital raises from major institutions and strategic corporate investors, including a major infusion of $10 million from Canadian-based Aphria, Inc. (APHA; Mkt.Cap ~$2B). Scythian successfully raised over $40 million during his tenure and thereafter. Scythian's ongoing research at the University of Miami seeks to

determine a solution for the prevention and treatment of concussions and traumatic brain injury with its proprietary Cannabinoid combination.

Mr. Gilbert will assume the position of Executive Chairman effective immediately and will be responsible for assisting the executive team with his knowledge of capital markets and evaluating opportunities to pursue farm and hemp production worldwide. Mr. Gilbert has been endorsed by Exactus' development partner and largest shareholder, Ceed2Med, LLC.

Ceed2Med is becoming an established leader in CBD technology, including water soluble and effective bioavailability technology. It is expanding its offerings to include CBG, CBN, organic full spectrum and broad spectrum products, each of which offer full chain of custody accountability from the seed to the shelf from certified cGMP production facilities. Ceed2Med offers Exactus experienced personnel who, since 2014, have been engaged in many aspects of domestic and international hemp production, including farming, processing and production, providing access to expertise in the fields of genetics, product development and distribution. Together with Ceed2Med, Exactus is opening new sales channels and focusing on the creation of additional distribution partnerships.

Philip Young, CEO of Exactus said, "We are excited to welcome Mr. Gilbert to our board and we are honored to have him serve as our Chairman. His experience in the public markets and the CBD sector in particular, will enhance Exactus' ability to navigate the capital markets effectively and determine our future direction."

Emiliano Aloi, of Ceed2Med and a member of the Exactus Board of Advisors said: "We look forward to working with Mr. Gilbert. His knowledge of the needs and opportunities available to Exactus will allow us to collectively evaluate new opportunities. We anticipate that our access to various opportunities in Oregon and Kentucky will be helpful as we look forward to expanding Exactus' financial capacity, allowing it to develop into an independent and cooperative farming partner. With our previous experience in Uruguay, and future opportunities in places like Puerto Rico, Jamaica and elsewhere, we have the runway to add thousands of new acres, domestically and internationally. We look forward to working with Exactus as its preferred premium supplier and development partner."

For information about our products and availability please call 804-205-5036 or email, ir@exactusinc.com.

**About Exactus:**

Exactus, Inc., is a healthcare company pursuing opportunities in two distinct business segments,

Hemp derived, Cannabidiol, which is more commonly referred to as CBD. Industrial hemp is a type of cannabis, defined by the federal government as having THC (tetrahydrocannabinol) content of 0.3 percent or less. That amount has not been shown to make a person feel "high." THC is the psychoactive compound found in cannabis. The company is also developing point of care diagnostics.

**Investor Notice**

Investing in our securities involves a high degree of risk. Before making an investment decision, you should carefully consider the risks, uncertainties and forward-looking statements described under "Risk Factors" in Item 1A of our most recent Form 10-K for the fiscal year ended December 31, 2017 filed with the Securities and Exchange Commission (the "SEC") on April 2, 2018 and under the heading "Risk Factors" in our Current Report on Form 8-K filed with the SEC on January 14, 2019, and in other periodic and current reports we file with the SEC. If any of these risks were to occur, our business, financial condition or results of operations would likely suffer. In that event, the value of our securities could decline, and you could lose part or all of your investment. The risks and uncertainties we describe are not the only ones facing us. Additional risks not presently known to us or that we currently deem immaterial may also impair our business operations. In addition, our past financial performance may not be a reliable indicator of future performance, and historical trends should not be used to anticipate results in the future. See "Safe Harbor" below.

**Safe Harbor - Forward Looking Statements**

The information provided in this press release may include forward-looking statements relating to future events or the future financial performance of the Company. Because such statements are subject to risks and uncertainties, actual results may differ materially from those expressed or implied by such forward-looking statements. Words such as "anticipates," "plans," "expects," "intends," "will," "potential," "hope" and similar expressions are intended to identify forward-looking statements. These forward-looking statements are based upon current expectations of the Company and involve assumptions that may never materialize or may prove to be incorrect. Actual results and the timing of events could differ materially from those anticipated in such forward-looking statements as a result of various risks and uncertainties. Detailed information regarding factors that may cause actual results to differ materially from the results expressed or implied by statements in this press release relating to the Company may be found in the Company's periodic and current filings with the SEC, including the factors described in the sections entitled "Risk Factors", copies of which may be obtained from the SEC's website at www.sec.gov. The Company does not undertake any obligation to update forward-looking statements contained in this press release.

Exactus Appoints Seasoned Industry Veteran Jonathan Gilbert As ...
https://www.exactusinc.com/news-media/press-releases/detail/17/e...
Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 22 of 55 PageID #: 28

**For more information:**

Company Contact:

Andrew Johnson
509.999.9696
ir@exactusinc.com

**SOURCE:** Exactus Inc.

Released February 12, 2019

# Email alerts

Stay informed and receive company updates straight to your inbox

**SIGN UP TODAY**

© 2019 Exactus, Inc. All Rights Reserved.

Privacy Policy    Disclaimer    Sitemap



Jonathan Gilbert                                      February 10, 2019
36 Sycamore Lane
Roslyn Heights, NY 11577
917-693-0215

Dear Mr. Gilbert:

    We are pleased to offer you the position of Executive Chairman on the Board of Directors of
Exactus, Inc., a Nevada corporation ("Exactus"). For the duration of your association with Exactus,
you will devote such time as is reasonably required to participate on the Board of Directors and such
skill and attention to your duties as requested from time to time.

    Upon your execution of this letter agreement below, you confirm that you will maintain the
confidentiality of all \ confidential materials, have reviewed the policies and procedures available on
the company website (presently, www.exactusinc.com) and will comply with such policies and
procedures in all respects, as may be amended from time to time. You will be awarded 10-year
options to purchase 1,000,000 shares (post 1 for 8 split) of common stock at a post split exercise
price of $0.01, per share. The options will vest in 25% increments as follows; 25% vest immediately,
25% when the company files an application to list on NASDQ, 25% upon achieving $150,000 in
monthly revenue and 25% when the company has raised a total of $2,500,000.00. This option award
shall be your initial compensation from Exactus which will in all respects be subject to the terms and
conditions of the Exactus 2018 Equity Incentive Plan and consented to your appointment as set forth
herein, which will become effective on following acceptance by the Board.

    You hereby also consent to the use of your name and biographical information in
documentation prepared by Exactus as it relates to your becoming a member of the
Board of Directors.

    Kindly indicate your consent to the matters discussed herein by signing and returning a copy
of this letter to us as soon as possible.

Sincerely,



Philip J. Young
Chief Executive Officer


AGREED AND ACCEPTED:


Jonathan Gilbert          Date   2/10/19

EXACTUS, INC.
1870 SADLER RD.  SUITE 300 • GLENN ALLEN, VA • 23060
TEL: (804) 205-5036
WWW.EXACTUSINC.COM

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 24 of 55 PageID #: 30

EXACTUS, INC.
2019 EQUITY INCENTIVE PLAN

NONQUALIFIED STOCK OPTION AGREEMENT

This NONQUALIFIED STOCK OPTION AGREEMENT (the "Option Agreement"), dated as of the **11th day of February, 2019** (the "Grant Date"), is between Exactus, Inc., a Nevada corporation (the "Company"), and **Jonathan R. Gilbert** (the "Optionee"), an Eligible Person as defined in the Exactus, Inc. 2019 Equity Incentive Plan (the "Plan").

WHEREAS, the Company desires to give the Optionee the opportunity to purchase shares of common stock of the Company, par value $0.0001 ("Common Shares") in accordance with the provisions of the Plan, a copy of which is attached hereto;

NOW THEREFORE, in consideration of the mutual covenants hereinafter set forth and for other good and valuable consideration, the parties hereto, intending to be legally bound hereby, agree as follows:

1.  Grant of Option. The Company hereby grants to the Optionee the right and option (the "Option") to purchase all or any part of an aggregate of **1,000,000** Common Shares. The Option is in all respects limited and conditioned as hereinafter provided, and is subject in all respects to the terms and conditions of the Plan now in effect and as it may be amended from time to time (but only to the extent that such amendments apply to outstanding options). Such terms and conditions are incorporated herein by reference, made a part hereof, and shall control in the event of any conflict with any other terms of this Option Agreement. The Option granted hereunder is intended to be a nonqualified stock option ("NQSO") and not an incentive stock option ("ISO") as such term is defined in section 422 of the Internal Revenue Code of 1986, as amended (the "Code").

2.  Exercise Price. The exercise price of the Common Shares covered by this Option shall be **$0.01** per share. The number of options to purchase common stock and the exercise price of these options is expressed in post-split numbers and will remain the same following the effectiveness of the Company's pending 1 for 8 reverse split of its common stock.

3.  Term. Unless earlier terminated pursuant to any provision of the Plan or of this Option Agreement, this Option shall expire on **February 11, 2029** (the "Expiration Date"), which date is not more than 10 years from the Grant Date. This Option shall not be exercisable on or after the Expiration Date.

4.  Exercise of Option. The Optionee shall have the right to purchase from the Company, on and after the following dates, the following number of Common Shares, provided the Optionee has not terminated his or her service as of the applicable vesting date:

| Date Installment Becomes Exercisable | Number of Common Shares |
|---|---|
| 2/11/2019 | 250,000 |
| Upon the raise of ≥ $2.5m new equity capital | 250,000 |
| Upon the filing of a Nasdaq listing application | 250,000 |
| Upon realizing ≥ $150,000 gross Revenue from operations | 250,000 |

The Committee may accelerate any exercise date of the Option, in its discretion, if it deems such acceleration to be desirable. Once the Option becomes exercisable, it will remain exercisable until it is exercised or until it terminates.

**The exercise of this option will immediately result in taxable income to the Option Holder equal to the difference between the stock price on the day of grant and the exercise price of this option times the number of options exercised.**

     5.    <u>Method of Exercising Option</u>. Subject to the terms and conditions of this Option Agreement and the Plan, the Option may be exercised by written notice to the Company at its principal office, which is presently located at 4870 Sadler Road, Suite 300, Glen Allen, VA 23060. The form of such notice is attached hereto and shall state the election to exercise the Option and the number of whole shares with respect to which it is being exercised; shall be signed by the person or persons so exercising the Option; and shall be accompanied by payment of the full exercise price of such shares. Only full shares will be issued.

     The exercise price shall be paid to the Company --

     (a) in cash, or by certified check, bank draft, or postal or express money order;

     (b)    through the delivery of Common Shares previously acquired by the Optionee;

     (c)    by delivering a properly executed notice of exercise of the Option to the Company and a broker, with irrevocable instructions to the broker promptly to deliver to the Company the amount necessary to pay the exercise price of the Option;

     (d)    in Common Shares newly acquired by the Optionee upon exercise of the Option;

     (e)    in any combination of (a), (b), (c), or (d) above.

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 26 of 55 PageID #: 32

Upon receipt of notice of exercise and payment, the Company shall deliver a certificate or certificates representing the Common Shares with respect to which the Option is so exercised. The Optionee shall obtain the rights of a stockholder upon receipt of a certificate(s) representing such Common Shares.

Such certificate(s) shall be registered in the name of the person so exercising the Option (or, if the Option is exercised by the Optionee and if the Optionee so requests in the notice exercising the Option, shall be registered in the name of the Optionee and the Optionee's spouse, jointly, with right of survivorship), and shall be delivered as provided above to, or upon the written order of, the person exercising the Option. In the event the Option is exercised by any person after the death or disability (as determined in accordance with Section 22(e)(3) of the Code) of the Optionee, the notice shall be accompanied by appropriate proof of the right of such person to exercise the Option. All Common Shares that are purchased upon exercise of the Option as provided herein shall be fully paid and non-assessable.

6.    <u>Non-Transferability of Option</u>.   This Option is not assignable or transferable, in whole or in part, by the Optionee other than by will or by the laws of descent and distribution or to the extent permitted by the Plan. During the lifetime of the Optionee, the Option shall be exercisable only by the Optionee or, in the event of his or her disability, by his or her guardian or legal representative or to the extent permitted by the Plan.

7.    <u>Termination of Service</u>. If the Optionee's employment, service as an officer or director, or engagement as a consultant with the Company and all Subsidiaries is terminated for any reason prior to the Expiration Date, this Option may be exercised, to the extent permitted by the Plan and any other applicable agreement.

8.    <u>Taxes</u>.   The obligation of the Company to deliver Common Shares upon the exercise of this Option shall be subject to applicable federal, state and local tax withholding requirements.

9.    <u>Governing Law</u>.   This Option Agreement shall be governed by the applicable Code provisions to the maximum extent possible. Otherwise, the laws of the State of Nevada (without reference to the principles of conflict of laws) shall govern the operation of, and the rights of the Optionee under, the Plan and Options granted thereunder.

DocuSign Envelope ID: 43A1DDA8-20B1-48CE-82F7-8C0614771977

IN WITNESS WHEREOF, the Company has caused this Nonqualified Stock Option Agreement to be duly executed by its duly authorized officer, and the Optionee has hereunto set his or her hand and seal.

Exactus, Inc.

By: Philip Young, CEO

Optionee

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 28 of 55 PageID #: 34

12:19                      

< **Philip J Young**
last seen Sat at 9:40 PM                      

**Thu, Jun 20**

So I thought overnight.
July 1 is a hard drop dead date for
me.
Before July 1 I expect to hear from
you or the board that you'd like
me to stay on and that NOONE
has any dispute or resentment
about my Comp.

Or I resign that day and convert
750k options that day.

U find that an acceptable deal
Phil?                                  10:54 AM ✓✓

Deal?      12:42 PM ✓✓

**Fri, Jun 21**

I am ok w/ ur proposal. With one
exception... if you convert day one
it will be  form 4 and will give a
bad message. We will promise to
convert at day 60... sorry I did not
call I got slammed when I
landed...                         7:06 PM

Talk this weekend      7:06 PM

                      

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 29 of 55 PageID #: 35

Letter of Resignation from EXACTUS INC

July 1, 2019

To: Phil Young, CEO, EXACTUS INC

Dear Phil,

Please accept this letter of resignation from Exactus effective the date of this letter. It has been a pleasure working with you and I wish you and the company all the success.

Sincerely,

Jonathan Gilbert

Case 2:19-cv-05786-KAM-RLM  Document 1-1  Filed 10/14/19  Page 30 of 55 PageID #: 36

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**Form 8-K**

**CURRENT REPORT**
**Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934**

Date of Report (Date of earliest event reported): July 1, 2019

**EXACTUS, INC.**
(Exact name of the registrant as specified in its charter)

| Nevada | 000-55828 | 27-1085858 |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

80 NE 4th Avenue, Suite 28, Delray Beach, FL 33483
(Address of principle executive offices) (Zip code)

Registrant's telephone number, including area code: (804) 205-5036

_____
(Former name or address if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the Registrant under any of the following provisions (see General Instruction A.2 below):

[ ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425).

[ ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12).

[ ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b)).

[ ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c)).

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| N/A | N/A | N/A |

Indicate by check mark whether the registrant is an emerging growth company as defined in as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

[ ] Emerging growth company

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.
[ ]

Case 2:19-cv-05786-KAM-RLM  Document 1-1  Filed 10/14/19  Page 31 of 55 PageID #: 37

**SECTION 5 – CORPORATE GOVERNANCE AND MANAGEMENT**

**Item 5.02**       **Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers**

Effective July 1, 2019, Jonathan R. Gilbert, a director and the Executive Chairman of Exactus, Inc. (the "Company"), tendered his resignation from both positions. Mr. Gilbert's resignation was not based on any disagreement with the Company on any matter relating to its operations, policies or practices.

**SIGNATURES**

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on behalf of the undersigned hereunto duly authorized.

EXACTUS, INC.

Date:    July 8, 2019                                    By: /s/ Philip J. Young
                                                         Philip J. Young
                                                         President and Chief Executive Officer

EXACTUS, INC.
2019 EQUITY INCENTIVE PLAN

Notice of Exercise of Nonqualified Stock Option

I hereby exercise the incentive stock option granted to me pursuant to the Option Agreement dated as of January 15, 2019, by Exactus, Inc. (the "Company"), with respect to the following number of shares of the Company's common stock ("Shares"), par value $0.001 per Share, covered by said option:

Number of Shares to be purchased:                750,000

Purchase price per Share:                $ .01¢

Total purchase price:                $ 7,500.00

___ A.    Enclosed is cash or my certified check, bank draft, or postal or express money order in the amount of $ 7,500 in full/partial **[circle one]** payment for such Shares; *Sent by wire transfer!*

and/or

___ B.    Enclosed is/are _____ Share(s) with a total fair market value of $_____ on the date hereof in full/partial **[circle one]** payment for such Shares;

and/or

___ C.    I have provided notice to _____ **[insert name of broker]**, a broker, who will render full/partial **[circle one]** payment for such Shares. **[Optionee should attach to the notice of exercise provided to such broker a copy of this Notice of Exercise and irrevocable instructions to pay to the Company the full/partial (as elected above) exercise price.]**

and/or

___ D.    I elect to satisfy the payment for Shares purchased hereunder by having the Company withhold newly acquired Shares pursuant to the exercise of the Option.

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 34 of 55 PageID #: 40

Please have the certificate or certificates representing the purchased Shares registered in the following name or names*: JONATHAN GILBERT ; and sent to 36 Sycamore Lane Roslyn Heights, NY 11577

DATED: 7 | 15 , 20 19

Optionee's Signature

---

\*       Certificates may be registered in the name of the Optionee alone or in the joint names (with right of survivorship) of the Optionee and his or her spouse.

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 35 of 55 PageID #: 41

| | |
|---|---|
| **Wire date** | Jul 16, 2019 |
| **Status** | Completed |
| **Wire to** | Exactus Inc |
| **Transaction number** | 5223901358 |
| **Actions** | ▶ See details   \|   Request Info ❯ |
| **Debit amount** | $7,500.00 |
| **Amount** | $7,500.00 USD |

## David Schrader

| | |
|---|---|
| **From:** | Andrew Johnson <ajohnson@exactusinc.com> |
| **Sent:** | Tuesday, July 16, 2019 5:33 PM |
| **To:** | Jonathan Gilbert |
| **Cc:** | Philip J Young; David Schrader |
| **Subject:** | Re: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Confirmed receipt and it's attachment.

Thank you,
Andrew Johnson
Chief Strategy Officer
Exactus Inc.
Mobile: 509-999-9695

On Mon, Jul 15, 2019 at 3:45 PM <jongilb36@gmail.com> wrote:
Gentlemen.
See attached. Options exercise form filled out perfectly and signed and dated.
The $7,500 has been wired to Exactus' Wells Fargo Bank acct number 9898122511.

My attorney David Schrader is cc'd on this email.

I informed him of how we all spoke on the phone tonight and both of you assured me that there would be no problem in exercising these options. So I'm sure all will be fine.

What I do ask for is communication.
I'd like :
1. Confirmation of receipt of this email and it's attachment.
2. Confirmation that it is filled out correctly. (If it is not, then please inform us immediately so I can amend and resend. Do not wait days to tell me this).
3. Confirm receipt of my $7,500 wire. Wires rarely get lost and I expect you'll see it first thing in the morning. Again - if you don't get the money tomorrow - tell me immediately so I can trace the wire. Do not wait days to tell me this.

As we discussed on the phone and the assurance I received from both you Phil Young CEO and Andrew Johnson CSO, I feel this will be a simple formality and clerical job that you can transact with alacrity. Converting options to shares is routine practice for a public company.

Please be responsive and communicative and let David and I know the timeline of when I will receive my shares.

David and his legal partners will determine if I need to file a form 4 or not - and if I do - he will file for me.

Thanks for your anticipated cooperation.
Jonathan Gilbert.

Jonathan R. Gilbert

Ex G

## David Schrader

| | |
|---|---|
| **From:** | Phil Young <pyoung@exactusinc.com> |
| **Sent:** | Thursday, July 18, 2019 3:13 PM |
| **To:** | Jonathan Gilbert; Lawrence A. Rosenbloom |
| **Cc:** | Andrew Johnson; David Schrader |
| **Subject:** | Re: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Hi Jon

We have been advised by Lawrence, our attorney to have David reach out to Lawrence Rosenbloom directly to discuss lawyer to lawyer.


Lawrence A. Rosenbloom, Esq.

**Ellenoff Grossman & Schole LLP**

1345 Avenue of the Americas, 11th Floor

New York, NY  10105

Phone: (212) 370-1300 x7104

Direct Fax: (646) 895-7204

www.egsllp.com



Best Regards,


**Philip J. Young**
**Chief Executive Officer**
**Exactus Inc.**
**www.exactusinc.com**



This message is intended solely for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


On Mon, Jul 15, 2019 at 6:45 PM <jongilb36@gmail.com> wrote:

1

Ex  H

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 38 of 55 PageID #: 44

Gentlemen.
See attached. Options exercise form filled out perfectly and signed and dated.
The $7,500 has been wired to Exactus' Wells Fargo Bank acct number 9898122511.

My attorney David Schrader is cc'd on this email.

I informed him of how we all spoke on the phone tonight and both of you assured me that there would be no problem in exercising these options. So I'm sure all will be fine.

What I do ask for is communication.
I'd like :
1. Confirmation of receipt of this email and it's attachment.
2. Confirmation that it is filled out correctly. (If it is not, then please inform us immediately so I can amend and resend. Do not wait days to tell me this).
3. Confirm receipt of my $7,500 wire.  Wires rarely get lost and I expect you'll see it first thing in the morning. Again - if you don't get the money tomorrow - tell me immediately so I can trace the wire.  Do not wait days to tell me this.

As we discussed on the phone and the assurance I received from both you Phil Young CEO and Andrew Johnson CSO, I feel this will be a simple formality and clerical job that you can transact with alacrity. Converting options to shares is routine practice for a public company.

Please be responsive and communicative and let David and I know the timeline of when I will receive my shares.

David and his legal partners will determine if I need to file a form 4 or not - and if I do - he will file for me.

Thanks for your anticipated cooperation.
Jonathan Gilbert.


Jonathan R. Gilbert
(917) 693-0215

**David Schrader**

| | |
|---|---|
| **From:** | jongilb36@gmail.com |
| **Sent:** | Thursday, July 18, 2019 3:17 PM |
| **To:** | Phil Young |
| **Cc:** | Lawrence A. Rosenbloom; Andrew Johnson; David Schrader |
| **Subject:** | Re: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

You have my exercise form.
You have my money.
I'm not sure what the lawyers need to "discuss".
You're a public company. I've done everything by the book and out forth great effort to build this company.
David. Please call Lawrence as it seems peculiar.

Jonathan R. Gilbert
(917) 693-0215

On Jul 18, 2019, at 7:12 PM, Phil Young <pyoung@exactusinc.com> wrote:

Hi Jon

We have been advised by Lawrence, our attorney to have David reach out to Lawrence Rosenbloom directly to discuss lawyer to lawyer.

Lawrence A. Rosenbloom, Esq.

**Ellenoff Grossman & Schole** LLP

1345 Avenue of the Americas, 11th Floor

New York, NY  10105

Phone: (212) 370-1300 x7104

Direct Fax: (646) 895-7204

www.egsllp.com

Best Regards,

**Philip J. Young**
**Chief Executive Officer**
**Exactus Inc.**

EX I

Case 2:19-cv-05786-KAM-RLM  Document 1-1  Filed 10/14/19  Page 40 of 55 PageID #: 46

www.exactusinc.com

This message is intended solely for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

On Mon, Jul 15, 2019 at 6:45 PM <jongilb36@gmail.com> wrote:
Gentlemen.
See attached. Options exercise form filled out perfectly and signed and dated.
The $7,500 has been wired to Exactus' Wells Fargo Bank acct number 9898122511.

My attorney David Schrader is cc'd on this email.

I informed him of how we all spoke on the phone tonight and both of you assured me that there would be no problem in exercising these options. So I'm sure all will be fine.

What I do ask for is communication.
I'd like :
1. Confirmation of receipt of this email and it's attachment.
2. Confirmation that it is filled out correctly. (If it is not, then please inform us immediately so I can amend and resend. Do not wait days to tell me this).
3. Confirm receipt of my $7,500 wire. Wires rarely get lost and I expect you'll see it first thing in the morning. Again - if you don't get the money tomorrow - tell me immediately so I can trace the wire. Do not wait days to tell me this.

As we discussed on the phone and the assurance I received from both you Phil Young CEO and Andrew Johnson CSO, I feel this will be a simple formality and clerical job that you can transact with alacrity. Converting options to shares is routine practice for a public company.

Please be responsive and communicative and let David and I know the timeline of when I will receive my shares.

David and his legal partners will determine if I need to file a form 4 or not - and if I do - he will file for me.

Thanks for your anticipated cooperation.
Jonathan Gilbert.

Jonathan R. Gilbert
(917) 693-0215

2

## David Schrader

| | |
|---|---|
| **From:** | David Schrader |
| **Sent:** | Monday, July 22, 2019 10:00 AM |
| **To:** | Lawrence A. Rosenbloom |
| **Cc:** | 'Jonathan R. Gilbert (jongilb36@gmail.com)' |
| **Subject:** | RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Dear Mr. Rosenbloom:

Please accept this email as a follow-up to our brief discussion of late last week.
During our call, you had advised that your firm had been recently retained and would
be promptly addressing any issues relating to the processing of Mr. Gilbert's option exercise.
Please advise as to when the shares will be issued.  Please remind the Company of its
obligation to timely process this request.  Mr. Gilbert has asked me to remind the company
that he did not receive a monetary salary for his services and that the options were his compensation.

Best,
David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

**From:** Phil Young <pyoung@exactusinc.com>
**Sent:** Thursday, July 18, 2019 3:13 PM
**To:** Jonathan Gilbert <jongilb36@gmail.com>; Lawrence A. Rosenbloom <lrosenbloom@egsllp.com>
**Cc:** Andrew Johnson <ajohnson@exactusinc.com>; David Schrader <DSchrader@pka-law.com>
**Subject:** Re: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options.

Hi Jon

We have been advised by Lawrence, our attorney to have David reach out to Lawrence Rosenbloom directly to discuss
lawyer to lawyer.


Lawrence A. Rosenbloom, Esq.

**Ellenoff Grossman & Schole LLP**

1345 Avenue of the Americas, 11th Floor

New York, NY  10105

Phone: (212) 370-1300 x7104

Direct Fax: (646) 895-7204

INDEX NO. 612928/2019
Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 42 of 55 PageID #: 48
RECEIVED NYSCEF: 09/18/2019

www.eqsllp.com


Best Regards,


**Philip J. Young**
**Chief Executive Officer**
**Exactus Inc.**
**www.exactusinc.com**


This message is intended solely for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


On Mon, Jul 15, 2019 at 6:45 PM <jongilb36@gmail.com> wrote:

Gentlemen.
See attached. Options exercise form filled out perfectly and signed and dated.
The $7,500 has been wired to Exactus' Wells Fargo Bank acct number 9898122511.

My attorney David Schrader is cc'd on this email.

I informed him of how we all spoke on the phone tonight and both of you assured me that there would be no problem in exercising these options. So I'm sure all will be fine.

What I do ask for is communication.
I'd like :
1. Confirmation of receipt of this email and it's attachment.
2. Confirmation that it is filled out correctly. (If it is not, then please inform us immediately so I can amend and resend. Do not wait days to tell me this).
3. Confirm receipt of my $7,500 wire.  Wires rarely get lost and I expect you'll see it first thing in the morning. Again - if you don't get the money tomorrow - tell me immediately so I can trace the wire.  Do not wait days to tell me this.

As we discussed on the phone and the assurance I received from both you Phil Young CEO and Andrew Johnson CSO, I feel this will be a simple formality and clerical job that you can transact with alacrity. Converting options to shares is routine practice for a public company.

Please be responsive and communicative and let David and I know the timeline of when I will receive my shares.

David and his legal partners will determine if I need to file a form 4 or not - and if I do - he will file for me.

Thanks for your anticipated cooperation.
Jonathan Gilbert.

INDEX NO. 612928/2019
RECEIVED NYSCEF: 09/18/2019
Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 43 of 55 PageID #: 49

Jonathan R. Gilbert
(917) 693-0215

INDEX NO. 612928/2019
RECEIVED NYSCEF: 09/18/2019

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 44 of 55 PageID #: 50

## David Schrader

| | |
|---|---|
| **From:** | David Schrader |
| **Sent:** | Thursday, July 25, 2019 8:54 AM |
| **To:** | Lawrence A. Rosenbloom |
| **Cc:** | 'Jonathan R. Gilbert (jongilb36@gmail.com)' |
| **Subject:** | RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Dear Mr. Rosenbloom:

Jonathan Gilbert has advised me that his wire paying for the exercise of his options has been refunded to him.
I can only assume that this is an illegal rejection of his option exercise. I would immediately demand a written
explanation of the company's position on its refusal to exercise Mr. Gilbert's options.

Please note that I have been authorized to immediately commence litigation on Mr. Gilbert's behalf
and intend to include all appropriate persons in the lawsuit. Mr. Gilbert will hold the company responsible
for any financial loss that he incurs due to a reduction of any price of the stock. We look forward to hearing
the company's explanation for this refusal to exercise.

David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

**From:** David Schrader
**Sent:** Wednesday, July 24, 2019 2:14 PM
**To:** Lawrence A. Rosenbloom <lrosenbloom@egsllp.com>
**Cc:** 'Jonathan R. Gilbert (jongilb36@gmail.com)' <jongilb36@gmail.com>
**Subject:** RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options.

Dear Lawrence:

Please accept this email as a follow-up to our prior communications.
We would ask for an immediate update on when Mr. Gilbert's stock will be issued and received by him.

Best,
David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

1

## David Schrader

| | |
|---|---|
| **From:** | Lawrence A. Rosenbloom <lrosenbloom@egsllp.com> |
| **Sent:** | Thursday, July 25, 2019 9:44 AM |
| **To:** | David Schrader |
| **Cc:** | 'Jonathan R. Gilbert (jongilb36@gmail.com)' |
| **Subject:** | RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Message received David.  We will get back with you as soon as we are able.

Lawrence A. Rosenbloom, Esq.
**Ellenoff Grossman & Schole LLP**
1345 Avenue of the Americas, 11th Floor
New York, NY  10105
Phone: (212) 370-1300 x7104
Direct Fax: (646) 895-7204
www.egsllp.com



**From:** David Schrader [mailto:DSchrader@pka-law.com]
**Sent:** Thursday, July 25, 2019 8:54 AM
**To:** Lawrence A. Rosenbloom <lrosenbloom@egsllp.com>
**Cc:** 'Jonathan R. Gilbert (jongilb36@gmail.com)' <jongilb36@gmail.com>
**Subject:** RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options.

Dear Mr. Rosenbloom:

Jonathan Gilbert has advised me that his wire paying for the exercise of his options has been refunded to him.
I can only assume that this is an illegal rejection of his option exercise.  I would immediately demand a written
explanation of the company's position on its refusal to exercise Mr. Gilbert's options.

Please note that I have been authorized to immediately commence litigation on Mr. Gilbert's behalf
and intend to include all appropriate persons in the lawsuit.  Mr. Gilbert will hold the company responsible
for any financial loss that he incurs due to a  reduction of any price of the stock.  We look forward to hearing
the company's explanation for this refusal to exercise.

David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345

INDEX NO. 612928/2019
RECEIVED NYSCEF: 09/18/2019

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 46 of 55 PageID #: 52

## David Schrader

| | |
|---|---|
| **From:** | David Schrader |
| **Sent:** | Monday, July 29, 2019 3:52 PM |
| **To:** | Lawrence A. Rosenbloom |
| **Cc:** | 'Jonathan R. Gilbert (jongilb36@gmail.com)' |
| **Subject:** | RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Dear Mr. Rosenbloom:

As a follow-up to my prior emails, Jonathan Gilbert has properly exercised his stock options that were paid to him as the sole compensation that he received for his employment at Exactus. The valid issuance of these options was acknowledge by the company in its public filings under criminal penalty of SOX. Notwithstanding, the company has breached is contractual obligation to Mr. Gilbert to provide the stock and has "refunded" to Mr. Gilbert the funds that he paid in connection with the exercise.

We have made repeated requests now for the issuance of the stock and for a written explanation of the company's position on its refusal to exercise Mr. Gilbert's options. Neither the stock nor the explanation have been forthcoming.

Please accept this email as a final effort by Mr. Gilbert to resolve this issue with the Company before taking legal action. In the interim, Mr. Gilbert continues to hold the company responsible for any financial loss that he incurs due to a reduction of the price of the stock. Should we not <u>resolve</u> this situation by Monday, August 5, 2019 at 5 P.M. we will pursue legal options on Mr. Gilbert's behalf, including but not limited to monetary damages for failure to issue Mr. Gilbert's stock; statutory employment claims; and any applicable violations of the securities laws. Please be guided accordingly.

David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

---

**From:** David Schrader
**Sent:** Thursday, July 25, 2019 8:54 AM
**To:** Lawrence A. Rosenbloom <lrosenbloom@egsllp.com>
**Cc:** 'Jonathan R. Gilbert (jongilb36@gmail.com)' <jongilb36@gmail.com>
**Subject:** RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options.

Dear Mr. Rosenbloom:

Jonathan Gilbert has advised me that his wire paying for the exercise of his options has been refunded to him. I can only assume that this is an illegal rejection of his option exercise. I would immediately demand a written explanation of the company's position on its refusal to exercise Mr. Gilbert's options.

Please note that I have been authorized to immediately commence litigation on Mr. Gilbert's behalf and intend to include <u>all</u> appropriate persons in the lawsuit. Mr. Gilbert will hold the company responsible

1

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 47 of 55 PageID #: 53

## David Schrader

| | |
|---|---|
| **From:** | Lawrence A. Rosenbloom <lrosenbloom@egsllp.com> |
| **Sent:** | Monday, July 29, 2019 4:02 PM |
| **To:** | David Schrader |
| **Cc:** | 'Jonathan R. Gilbert (jongilb36@gmail.com)'; Matthew B. Baum |
| **Subject:** | RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Received.  Please keep my partner Matthew Baum copied on future correspondences related to this matter.

Thank you.

Lawrence A. Rosenbloom, Esq.
**Ellenoff Grossman & Schole LLP**
1345 Avenue of the Americas, 11th Floor
New York, NY  10105
Phone: (212) 370-1300 x7104
Direct Fax: (646) 895-7204
www.egsllp.com



**From:** David Schrader [mailto:DSchrader@pka-law.com]
**Sent:** Monday, July 29, 2019 3:52 PM
**To:** Lawrence A. Rosenbloom <lrosenbloom@egsllp.com>
**Cc:** 'Jonathan R. Gilbert (jongilb36@gmail.com)' <jongilb36@gmail.com>
**Subject:** RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options.

Dear Mr. Rosenbloom:

As a follow-up to my prior emails, Jonathan Gilbert has properly exercised his stock options that were paid to him as the sole compensation that he received for his employment at Exactus.  The valid issuance of these options was acknowledge by the company in its public filings under criminal penalty of SOX.  Notwithstanding, the company has breached is contractual obligation to Mr. Gilbert to provide the stock and has "refunded" to Mr. Gilbert the funds that he paid in connection with the exercise.

We have made repeated requests now for the issuance of the stock and for a written explanation of the company's position on its refusal to exercise Mr. Gilbert's options.   Neither the stock nor the explanation have been forthcoming.

Please accept this email as a final effort by Mr. Gilbert to resolve this issue with the Company before taking legal action.  In the interim, Mr. Gilbert continues to hold the company responsible for any financial

Case 2:19-cv-05786-KAM-RLM    Document 1-1    Filed 10/14/19    Page 48 of 55 PageID #: 54

## David Schrader

| | |
|---|---|
| **From:** | David Schrader |
| **Sent:** | Monday, August 5, 2019 9:13 AM |
| **To:** | Lawrence A. Rosenbloom |
| **Cc:** | Matthew B. Baum; jongilb36@gmail.com |
| **Subject:** | RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options. |

Dear Lawrence:

Today is the deadline for the company to provide Jonathan Gilbert with his stock. I have been authorized to immediately file suit
if this matter is not resolved. Notwithstanding, it is my understanding that the company has retained new counsel and that you are no
longer representing Exactus in this matter.

As such, I would like to reach out to new counsel prior to filing suit. I would appreciate if you would provide me with the contact information
for new counsel – or alternatively, confirm that you are no longer representing the company and I will reach out to management directly.
If I do not hear back from you, I will proceed accordingly.

Best,
David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

---

**From:** Lawrence A. Rosenbloom <lrosenbloom@egsllp.com>
**Sent:** Monday, July 29, 2019 4:02 PM
**To:** David Schrader <DSchrader@pka-law.com>
**Cc:** 'Jonathan R. Gilbert (jongilb36@gmail.com)' <jongilb36@gmail.com>; Matthew B. Baum <MBaum@egsllp.com>
**Subject:** RE: Doc - Jul 15 2019 - 11-27 PM.pdf exercise of Jonathan Gilbert's 750,000 options.

Received. Please keep my partner Matthew Baum copied on future correspondences related to this matter.

Thank you.

Lawrence A. Rosenbloom, Esq.
**Ellenoff Grossman & Schole LLP**
1345 Avenue of the Americas, 11th Floor
New York, NY  10105
Phone: (212) 370-1300 x7104
Direct Fax: (646) 895-7204
www.egsllp.com

1

INDEX NO. 612928/2019
RECEIVED NYSCEF: 09/18/2019

## David Schrader

| | |
|---|---|
| **From:** | David Schrader |
| **Sent:** | Monday, August 5, 2019 3:18 PM |
| **To:** | ken@ceed2med.com; pyoung@exactusinc.com |
| **Cc:** | jongilb36@gmail.com |
| **Subject:** | Jonathan Gilbert v. Exactus |

Dear Messrs. Puzder and Young:

This law firm represents Jonathan Gilbert in connection with his ongoing efforts to receive
750,000 shares of stock to which he is entitled by virtue of his exercise of options which were
granted to him as his sole employment compensation at Exactus.  At this time, the
company has wrongfully refused to provide Mr. Gilbert with his shares and we have notified
the Company of our intent to commence litigation by today's date if the shares were not received.

We received an email from your former counsel and also a phone call from Harvey Kesner a few minutes
ago--advising that Greenberg Traurig is being retained as replacement counsel--although we have not been
provided with the name of any specific attorney handling this matter at Greenberg.

I would appreciate if you would confirm this representation and provide me with the contact
information for the relevant attorney handling this matter.  In light of the change of legal counsel,
we will hold off temporarily from commencing legal action and look forward to your prompt response to this email.

Best,
David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

INDEX NO. 612928/2019

## David Schrader

| | |
|---|---|
| **From:** | David Schrader |
| **Sent:** | Thursday, August 8, 2019 7:48 PM |
| **To:** | rosettob@gtlaw.com |
| **Subject:** | FW: Jonathan Gilbert v. Exactus |

Dear Mr. Rosetto:

I represent Jonathan Gilbert in connection with his ongoing efforts to receive 750,000 shares of stock to which he is entitled by virtue of his exercise of options which were granted to him as his sole employment compensation while he was employed at Exactus. These options are referenced in the Company's public filings and 750,000 options vested to Mr. Gilbert prior to the cessation of his employment at the Company.

I have learned through the grapevine that you are now representing Exactus in connection with their legal work. I had previously been addressing this issue with Lawrence A. Rosenbloom at Ellenoff Grossman & Schole LLP and have also sent communications to the company's current executive officers. Despite repeated requests for the purported basis of the Company's failure to honor this exercise, none has been forthcoming.

I have notified that Company of Mr. Gilbert's intent to file suit against the Company seeking monetary damages for this failure. I am notifying you of this issue and that Mr. Gilbert has instructed me to commence legal action on his behalf early next week if this matter is not satisfactorily resolved. Please let me know if you are handling this matter on behalf of Exactus. A copy of my recent email to the Company is below.

Best,
David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

---

**From:** David Schrader
**Sent:** Monday, August 5, 2019 3:18 PM
**To:** ken@ceed2med.com; pyoung@exactusinc.com
**Cc:** jongilb36@gmail.com
**Subject:** Jonathan Gilbert v. Exactus

Dear Messrs. Puzder and Young:

This law firm represents Jonathan Gilbert in connection with his ongoing efforts to receive 750,000 shares of stock to which he is entitled by virtue of his exercise of options which were granted to him as his sole employment compensation at Exactus. At this time, the company has wrongfully refused to provide Mr. Gilbert with his shares and we have notified the Company of our intent to commence litigation by today's date if the shares were not received.

We received an email from your former counsel and also a phone call from Harvey Kesner a few minutes ago--advising that Greenberg Traurig is being retained as replacement counsel--although we have not been

1

provided with the name of any specific attorney handling this matter at Greenberg.

I would appreciate if you would confirm this representation and provide me with the contact
information for the relevant attorney handling this matter.  In light of the change of legal counsel,
we will hold off temporarily from commencing legal action and look forward to your prompt response to this email.

Best,
David A. Schrader
Paykin Krieg & Adams, LLP
733 Third Avenue, 15th Fl.
New York, New York 10017
(212) 725-4423
Direct (347) 694-4201
Cell (347) 879-2345
dschrader@PKA-law.com

Case 2:19-cv-05786-KAM-RLM   Document 1-1   Filed 10/14/19   Page 52 of 55 PageID #: 58

## David Schrader

| | |
|---|---|
| **From:** | Jonathan Gilbert <jongilb36@gmail.com> |
| **Sent:** | Thursday, August 15, 2019 2:32 PM |
| **To:** | ken@ceed2med.com; Emiliano Aloi |
| **Cc:** | Philip J Young; Andrew Johnson; David Schrader; rosettob@gtlaw.com |
| **Subject:** | Amended options exercise |
| **Attachments:** | JGilbert Options Exercise.pdf |

Dear Emi and Ken,
As a result of the Company meeting its financial goals in our agreement, I am now entitled to exercise for the full 100% of my options. I have attached a newly executed options exercise form along with a copy of the cover letter that Exactus sent to me memorializing its offer to me and a fully executed copy of the very option agreement itself. I have also wired $10,000 to Exactus' Wells Fargo bank account and you now have my money in your possession.

I must add that I am confused and disheartened by the way the company has treated me in not processing my prior exercise for 750,000 shares. All I ever did was accept an offer, put in many hours of my time and effort, and help in advancing the company for the betterment of its shareholders.

I thought that a publicly traded company had a legal obligation to exercise a person's rightful options or at a minimum the company would be mandated to clearly articulate to the optionee as to why they refuse to do so. In the last month since my prior exercise attempt on July 15, 2019, repeated requests have been made and neither has been neither provided to me.

Emi and Ken. The "feeling" that a deal is "too rich" (after the fact) is not justification for a public company employed by mature, sophisticated, and measured thinking persons to behave this way. I did all that was expected of me and more and treated everyone at Exactus with respect. Including the both of you. I am confused and unfortunately have been put in a very awkward position. I sincerely hope you simply exercise my rightful and legal options as a public company should or articulate very clearly to me as to why you feel that you cannot.

Best
Jonathan Gilbert

EXACTUS, INC.
2019 EQUITY INCENTIVE PLAN

Notice of Exercise of Nonqualified Stock Option

I hereby exercise the incentive stock option granted to me pursuant to the Option Agreement dated as of January 15, 2019, by Exactus, Inc. (the "Company"), with respect to the following number of shares of the Company's common stock ("Shares"), par value $0.001 per Share, covered by said option:

Number of Shares to be purchased: 1,000,000

Purchase price per Share: $ .01 ¢

Total purchase price: $ 10,000.⁰⁰

A. Enclosed is cash or my certified check, bank draft, or postal or express money order in the amount of $ 10,000 in full/partial [circle one] payment for such Shares; WIRE TRANSFER

and/or

B. Enclosed is/are _____ Share(s) with a total fair market value of $_____ on the date hereof in full/partial [circle one] payment for such Shares;

and/or

C. I have provided notice to _____ [insert name of broker], a broker, who will render full/partial [circle one] payment for such Shares. [Optionee should attach to the notice of exercise provided to such broker a copy of this Notice of Exercise and irrevocable instructions to pay to the Company the full/partial (as elected above) exercise price.]

and/or

D. I elect to satisfy the payment for Shares purchased hereunder by having the Company withhold newly acquired Shares pursuant to the exercise of the Option.

Please have the certificate or certificates representing the purchased Shares registered in the following name or names*: _Jonathan Gilbert_ and sent to _36 Sycamore Lane_ _Roslyn Heights, NY 11577_

DATED: _8/15_, 20_19_

Optionee's Signature

---

\*     Certificates may be registered in the name of the Optionee alone or in the joint names (with right of survivorship) of the Optionee and his or her spouse.

Case 2:19-cv-05786-KAM-RLM Document 1-1 Filed 10/14/19 Page 55 of 55 PageID #: 61

| | |
|---|---|
| **Wire date** | Aug 15, 2019 |
| **Status** | Completed |
| **Wire to** | Exactus Inc |
| **Transaction number** | 5226502245 |
| **Actions** | ▸ See details ❘ Request Info ❯ |
| **Debit amount** | $10,000.00 |
| **Amount** | $10,000.00 USD |